JACOB BELL, ET AL., *v.* WAYNE COUNTY COURT.

**Sheriff's Liability on Bond.**

> Where a sheriff executes a bond for the collection of public revenues and he assumes their collection, and his sureties undertake that he will comply with his obligation, even if the bond is defective and is not an official bond a common-law liability exists, and the sureties will be held liable.

APPEAL FROM WAYNE CIRCUIT COURT.

January 13, 1880.

OPINION BY JUDGE PRYOR:

The sheriff by virtue of his office is made collector of the county levy, and is required to execute a bond at the term of the court imposing the levy, or may execute it at a subsequent term. Chap. 27 General Statutes, p. 271.

The principal debtor in this case was elected in August, 1876, but failed to execute a bond in October when the levy was laid, and also failed to execute his official bond on or before the first Monday in January following, and for that reason his office was declared vacant. Whether the court had the right to appoint one sheriff to fill his own vacancy is a question not necessary to decide, as his liability and that of his sureties exist by reason of the execution of the bond and the collection of the levy.

It is rather a singular proceeding to forfeit or vacate the office and then appoint the person who has failed to comply with the law to fill the vacancy in the office he has forfeited. The levy was laid in October, 1876, and by the 6th section of Chap. 20, Art. 2, entitled "County Levy," it is provided that the clerk shall on or before the first of June following deliver to the sheriff or collector a list of the persons chargeable with the levy, and the sheriff shall proceed to collect, etc. Under that provision the clerk is not required, and certainly not compelled, to deliver this list until June following that assessment, and the sheriff must necessarily collect the levy in the year 1877. It is the indebtedness of the county ascertained in October, 1876, to pay which the levy is made, and the collection is or ought to be made in the year 1877. So when the bond is executed for the collection of the county levy and dues for the county of Wayne for the year 1877, it means the levy laid in 1876, and payable in 1877. No other levy is due in 1877, and therefore the covenants of

the bond in this case create a liability on the sureties of Carden for the levy collected by him in the year 1877.

The county judge had the right to accept the bond, and we find no provision of the statute requiring its approval by all the justices or a majority of them. The taking of this bond is a mere ministerial act, and it may be taken and approved by the presiding justice, who is empowered to hold the county court for all county purposes, and to have associated with him the justices of the peace in certain cases only, as provided by statute. The county court has the power to keep in repair the necessary public buildings, and certainly can raise funds by the imposition of a county levy. This jurisdiction must be conceded, and whether it was necessary that the levy should be imposed in this particular case or whether the levy has been excessive cannot be made the subject of inquiry by Carder and his sureties.

Was the levy made? Was it collected by Carder? Are these appellants his sureties in a bond that he will account for and pay the same over to the party entitled? If regarded in the light of a mere intruder neither he nor his sureties will be allowed to say that the principal had no right to collect the money.

The county court acted in good faith in accepting the bond. Carder voluntarily assumed the collection of the public dues, and his sureties undertook that he would comply with his obligation, and if not an official bond, a common-law liability exists, and the sureties were properly held responsible.

Judgment *affirmed.*

*J. S. Chrisman, M. C. Sanfly, for appellants.*

*John W. Tuttle, for appellee.*